## HALE v. THAYER.

1. JUSTICE'S RETURN—APPEAL.—The return of a justice, on an appeal from his judgment, must be in conformity with the statute and show the proceedings had before him, in order to confer jurisdiction upon the appellate court to render a judgment of affirmance under the statute, for want of prosecution.
2. SAME.—A judgment of affirmance rendered by the appellate court, without such return being first made, is erroneous and will be reversed. *Cecil v. Barber*, 3 Wis. 297.

(2 *Chand.* 68.)

ERROR to the Circuit Court for *Milwaukee* County.

In this case it appears from the record that *Thayer* recovered judgment against *Hale*, before a justice of the peace, in

March, 1846, from which *Hale* took an appeal. Soon after the parties entered into an agreement, under their hands and seals, to submit certain matters, and among them the judgment, to three arbitrators, and therein released all causes of action and demands except those submitted, and agreed to *discontinue* all suits then pending. The arbitrators met, heard the parties and made their award, on which judgment was entered in the district court for Milwaukee county, at the June term, 1846. At the next October term, *Thayer* procured what the court considered a transcript of the justice's judgment, though it is not certified as such, to be filed in the district court, and judgment of affirmance, with damages, to be entered thereon, without the knowledge of *Hale*, who considered the judgment before the justice merged in the award.

At the next June term, *Hale* filed his motion to satisfy the judgment and set aside the proceedings, accompanied with affidavits of himself and others, stating the submission, award and final settlement thereby of the judgment before the justice.

On the 25th day of November, 1847, the court, having heard the motion, made the following order: " It is considered and ordered by the court, that said judgment be and the same hereby is satisfied, and all proceedings herein be set aside, and that said plaintiff pay the costs."

On the 6th of December thereafter, *Thayer* filed affidavits stating a *parol* withdrawal of the judgment before the justice from the consideration of the arbitrators at the hearing, and thereupon, on motion of *Thayer*, the court set aside or vacated the order satisfying the judgment, and in March, 1849, the court overruled the motion to satisfy the judgment, and subsequently denied an application by petition for a writ of *audita querela*, with costs.

*Jason Downer*, for plaintiff in error, contended that the judgment before the justice had been satisfied by the award. *Barker v. Judges of Ulster*, 4 Johns. 191 ; 20 id. 294.

The satisfaction being regularly entered, was there good cause for vacating it? The only reason was the parol withdrawal of the justice's judgment from the consideration of the arbitrators at the hearing before them, and even that is contradicted by the affidavits of the arbitrators. But if such *parol* withdrawal is admitted, it amounts to nothing in law. It was expressly decided in the case of *Howard v. Cooper*, 1 Hill, 44, that where a submission to arbitrators is under seal, the parties cannot, by *parol agreement* at the hearing, withdraw any item or claim embraced in such submission, and that notwithstanding such parol withdrawal, the award will be final, and embrace and bar the claim so attempted to be withdrawn. To the same effect is the case of *Van Antwerp v. Stewart*, 8 Johns. 125.

There being then no good reason for the decision vacating the satisfaction of the judgment, is such decision one from which a writ of error will lie? After the satisfaction of the judgment, and before·the decision vacating it, there was no valid and subsisting judgment against *Hale*, but one in his favor for costs. But the decision vacating the satisfaction not only sets aside a judgment in favor of *Hale* for· costs, but is, in effect, if not in form, a *re-rendition* of the judgment against him. Viewed in this light, it was as much a final judgment as any ever rendered. We apprehend that such a decision is clearly within our statute, which provides that " the supreme court shall have and exercise appellate jurisdiction only, which shall extend to all matters of appeal, error or complaint from the *decisions*, judgments or decrees of the district courts in all matters of law or equity." Stat. Wis. 196. It has been repeatedly held that a writ of error lies from similar decisions. Sup. U. S. Dig., Error, 18, 20, 41.

The first error assigned is, that the court erred in vacating the satisfaction of the judgment and setting aside the judgment for costs in favor of *Hale*.

There can be no doubt that the satisfaction was regularly

entered, for the affidavits of *Hale* and the three arbitrators were at that time before the court, and proved satisfaction.

The second error assigned is, that the court erred in over-ruling the, motion of *Hale* to enter satisfaction of the judg-ment. The authorities above cited to show that the satisfac-tion, when entered, ought not to have been vacated, show that the court erred in overruling the motion. The question, how-ever, again comes up, will a writ of error lie from such a decision ?

Under statutes similar, and certainly not more comprehen-sive than ours, the courts of Illinois, Alabama, Missouri and New Jersey, have decided that a writ of error would lie to reverse a decision overruling a motion to set aside or satisfy a judgment, or even to quash an execution. *Page v. Coleman*, 9 Port. 275 ; *Sloe v. State Bank*, 1 Scam. 428 ; Sup. U. S. Dig., Error, 18, 20, 34, 41, 49, 50 ; U. S. Dig., Error, 53.

The third error assigned is the refusal of the writ of *audita querela.*

All the authorities are uniform that we are entitled to this writ as a *matter of right*, upon the presentation of a petition setting forth such a state of facts as the petition contains in this case. 3 Black. Com. 406 ; Com. Dig., *Audita Querela*, A. ; *Johnson v. Harvey*, 4 Mass. 485 ; *Eddy v. Cochran*, 1 Aik. 359 ; *Lovejoy v. Webber*, 10 Mass. 101 ; *Brooks v. Hunt*, 17 Johns. 484 ; U. S. Dig., *Audita Querela*, 8, 11, 13, 15, 18. The case of *Eddy v. Cochran*, 1 Aik. 359, is precisely such a case as was presented by the petition of *Hale* to the court below. It was decided in that case that the appellant against whom the affirmance of the judgment had been obtained by the appellee without notice, and in violation of an agreement to arbitrate the matter, would be relieved on *audita querela.*

There can be no doubt, then, but the court erred in refusing the writ. And we think as little doubt that a writ of error will lie from such decision refusing the application *with costs*. For the writ can be only granted by *order of the court made*

Hale vs. Thayer.

*in open court*, and in granting or refusing it, the court acts *judicially*. Com. Dig., *Audita Querela*, E.

If so, then we are without remedy, unless a writ of error lies, for it is certain we could not have a writ of mandamus, that being never granted where an inferior court has acted *judicially*, but only to compel it *to act*, without directing it *how to act*. *People ex rel. Doughty v. Dutchess C. P.;* 20 Wend. 658; 21 id. 22.

The fourth error assigned is, that the court erred in entering the judgment in the district court, because there was no transcript of the justice on which to enter judgment. There is no certificate to that which was doubtless considered by the court below as a transcript, and for that reason the court could not know whether it was a transcript or not, and was not authorized to enter judgment on it.

HUBBELL, J. In this case the return of the justice, filed by the defendant in the district court of Milwaukee county, was insufficient to warrant that court in entering judgment on the motion of the appellee. There is no certificate that the return contained a transcript of the justice's docket, nor did it state the substance or any part of the plaintiff's declaration. These are material and essential parts of a correct return, and their omission is fatal. The error assigned by the plaintiff on this point renders a reversal of the judgment necessary.

The judgment of the district court of Milwaukee county, entered on the 30th day of November, A. D. 1846, is reversed, with costs.